**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| **SUSAN DEBRA BURRIS,** | ) | **CHAPTER 13** |
| | ) | |
| | ) | **CASE NO. 16-65980JRS** |
| **DEBTOR,** | ) | |
| | ) | **JUDGE SACCA** |

**POST-CONFIRMATION MODIFICATION OF PLAN AND REQUEST FOR IT'S APPROVAL**

**SUSAN DEBRA BURRIS,** Debtor, proposes to modify the confirmed plan of reorganization as set forth below and request that this modification be approved.

**MODIFICATION OF PLAN**

Susan Debra Burris, Debtor, hereby modifies the Chapter 13 plan, which the Court confirmed on March 17, 2017 as follows:

1. Debtor amends the plan in Section 2 to lower monthly plan payments from $575.00 to $240.00.
2. Debtor amends the plan in Section to remove a step provision.
3. Debtor amends the plan in Section 6(A)(ii)(a) to lower monthly payments to Georgia's Own Credit Union to $0.00 as the claim is paid in full.
4. Debtor amends the plan in Section 6(A)(ii)(b) to lower monthly payments to Georgia's Own Credit Union to $0.00 as the claim is paid in full.
5. Debtor amends the plan in Section 6(B) to lower monthly payments to Wilmington Trust, N.A. to $0.00 as the claim is paid in full.
6. Debtor amends the plan in Section 6(B) to raise monthly payments to Quail Pointe Homeowners Association from $75.00 to $220.00
7. Debtor amends the plan in Section 10(E) to increase the term of her case up to a maximum of eighty-four (84) months pursuant to 1329(d), because Debtor was affected by the COVID-19 pandemic in that she lost her job and is still currently unemployed.

This 19th day of October 2020

/s/ Susan Debra Burris_____
Debtor

/s/Jeffrey B. Kelly
Attorney for Debtor
GA Bar No. 412798
107 E 5th Avenue            (706) 413-1365 (fax)
(678) 861-1127 (phone)      lawoffice@kellycanhelp.com

# United States Bankruptcy Court
## Northern District of Georgia

In re   **Susan Debra Burris**                                         Case No.   16-65980-JRS
_____                        Chapter    13
                    Debtor(s)

## CHAPTER 13 PLAN

Extension ☐                                                           Composition ☑

     **You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income**. Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan**. Debtor will pay the sum of **$240.00 Monthly** to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the applicable commitment period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

    The following alternative provision will apply if selected:

    ☐ IF CHECKED,

3. **Claims Generally**. **The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief**. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    (A). **Trustee's Fees**. The Trustee shall receive a statutory fee in the amount established by the Attorney General and the United States Trustee.

    (B). **Debtor's Attorney's Fees**. Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $ **4,200.00** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $ **0.00** was paid prior to the filing of the case. The Trustee shall disburse the unpaid amount of the fee, $ **4,200.00**, as allowed under General Order 18-2015, as follows: (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the funds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to $ **4200.00** after the payment of any payments under 11 U.S.C. § 1326(a)(1)(B) or (C) and administrative fees. The remaining balance of the fees shall be paid up to $ **419.00** per month until the fees are paid in full; (2) If the case is <u>converted prior</u> to confirmation of the plan, Debtor directs the Trustee to pay fees to Debtor's attorney from the funds available of $ **2,000.00** (amount not to exceed $2,000); (3) If the case is <u>dismissed prior</u> to confirmation of the plan, fees for Debtor's attorney of $ **2,000.00** as set forth on the 2016(b) disclosure statement (amount not to exceed $2,000) are allowed pursuant to General Order 18-2015 and shall be paid by the Trustee from the funds available without a fee application. Debtor's attorney may file a fee application for fees sought over $2,000.00 within 10 days of the Order of Dismissal; (4) If the case is <u>converted after</u> confirmation of the plan, Debtor directs the Trustee to pay to Debtor's attorney from the funds available, any allowed fees which are unpaid; and (5) If the case is <u>dismissed after</u> confirmation of the plan, Trustee shall pay to Debtor's attorney from the funds available, any allowed fees which are unpaid.

5. **Priority Claims**.

    (A). **Domestic Support Obligations**.

☑ None. If none, skip to Plan paragraph 5(B).

2

(i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

(ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

| -NONE- |
|---|

(iii). Anticipated Domestic Support Obligation Arrearage Claims

(a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

☑ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
|---|---|---|
| -NONE- | | |

(b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

☑ None; or
Claimant and proposed treatment:    -NONE-

(B). **Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| GA Department of Revenue | 0.00 |
| Internal Revenue Service | 6841 |

6. **Secured Claims.**

(A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

☐ directly to the creditor; or

☑ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
| **Georgia's Own Credit Union** | **2015 Toyota Camry 25000 miles** | **120.00** |

(ii). <u>Post confirmation payments.</u> Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If the Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☑ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| **Georgia Own Credit Union** | **2015 Toyota Camry** | **3/2015** | **16,491** | **4%** | **0** |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Georgia Own Credit Union | 2015 Toyota Camry | npnp | 459 | 4% | 0 |

(c). **Other provisions**.

(B). **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate

3                                                                                                                                                  12.01.15

indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| **Wilmington Trust, NA** | **House** | 1085 | 0 |
| **Quail Pointe Homeowners Association** | **House** | 5347 | 220 |

(C). **Surrender of Collateral**. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| **-NONE-** | |

7. **Unsecured Claims**. Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $__**8,922.00**__. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $ __**0.00**__ or __**0**__ %, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases**. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑ None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| **-NONE-** | | | |

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions**:

(A). **Special classes of unsecured claims**.

(B). **Other direct payments to creditors**.

(C). **Other allowed secured claims:** A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with __**0**__ % interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                                                Best Case Bankruptcy

(D). **Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f):** The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

(E). **Other provisions**.
Any refund that is issued to the Debtor in excess of $1,500 per tax year during the applicable commitment period shall be paid into the Chapter 13 case. Further, the Debtor instructs and authorizes the Internal Revenue Service or any other applicable tax agency to send any refund in excess of $1,500.00 per tax year issued during the applicable commitment period directly to the Chapter 13 Trustee 11 U.S.C. Section 1325(a)(3).

Notwithstanding paragraph 2 of this plan, the term of this modified plan shall not exceed 84 months total pursuant to 11 U.S.C. Section 1329(d).

| | | | |
|---|---|---|---|
| Date | **October 19, 2020** | Signature | **/s/ Susan Debra Burris** |
| | | | **Susan Debra Burris** |
| | | | Debtor |
| Attorney | **/s/ Jeffrey B. Kelly** | | |
| | **Jeffrey B. Kelly 412798** | | |

5

12.01.15

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| SUSAN DEBRA BURRIS, | ) | CHAPTER 13 |
| | ) | |
| | ) | CASE NO. 16-65980JRS |
| DEBTOR, | ) | |
| | ) | JUDGE SACCA |

**NOTICE OF FILING OF MODIFICATION OF CONFIRMED PLAN,
DEADLINE FOR FILING WRITTEN OBJECTIONS AND HEARING DATE
AND TIME IF OBJECTION IS TIMELY FILED**

**To: Creditors and Other Parties in Interest**

**PLEASE TAKE NOTICE** that Debtor has filed a proposed modification to the confirmed plan in this case, a copy of which modification you are receiving with this Notice or have recently received by mail. Pursuant to Rule 3015(h) of the Federal Rules of Bankruptcy Procedure, any creditor or other party in interest opposing this proposed Modification must file that objection in writing with the Court on or before the following deadline.

**PLEASE TAKE FURTHER NOTICE** Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone.

**DEADLINE FOR FILING OBJECTIONS:** Twenty-four (24) days after the date on which the proposed Modification was filed. The proposed modification was filed on October 19, 2020. If the twenty-fourth day after the date of filing falls on a weekend or holiday, the deadline is extended to the next business day.

**PLACE OF FILING:**   Clerk, United States Bankruptcy Court
Room 1340, Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

If you mail an objection to the Court for filing, you must mail it early enough, so that the Court will receive it on or before the date stated above.

You must also serve a copy on the undersigned at the address stated below and on the Debtor at: **Susan Debra Burris, 4921 October Way, Acworth, GA 30102.**

**PLEASE TAKE FURTHER NOTICE** that if an objection to the proposed Modification is timely filed, the Court will hold a hearing on the modification on **December 1, 2020 at 10:10AM,** in Courtroom 1404, Richard Russell Federal Building, 75 Ted Turner Drive, SW Atlanta, GA. **If no objection is timely filed, the Court may approve the proposed modification without further notice of hearing.**

This 19th day of October 2020.

/s/ Susan Debra Burris
Debtor


/s/ Jeffrey B. Kelly
Attorney for Debtor
GA Bar No.  412798
107 E. 5th Avenue
Rome, GA  30161
678-861-1127 (phone)
(706) 413-1365 (fax)
lawoffice@kellycanhelp.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| SUSAN DEBRA BURRIS, | ) | CHAPTER 13 |
| | ) | |
| | ) | CASE NO. 16-65980JRS |
| DEBTOR, | ) | |
| | ) | JUDGE SACCA |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing Post Confirmation Modification filed on October 19, 2020, on the following by U.S. Mail, in a properly stamped and addressed envelope.

Nancy J. Whaley
Chapter 13 Trustee
303 Peachtree Center Ave Ste. 120
Atlanta, GA 30303

Susan D. Burris
4921 October Way
Acworth, GA 30102

Georgia's Own Credit Union
Attn: James E. Sorenson, Attorney
P.O. Box 4128
Tallahassee, FL 32315

Georgia's Own Credit Union
Charter # 67390
Attn: Dave A. Preter, CEO
100 Peachtree St NW
Atlanta, GA 30303
*Via Certified Mail*

Wilmington Trust, N.A.
c/o Fay Servicing, LLC
939 W North Ave Ste. 680
Chicago, IL 60642

Aldridge Pite, LLP
Attorney for Wilmington Trust, N.A.
4375 Jutland Dr. Ste. 200
P.O. Box 17933
San Diego, CA 92177

The Quail Pointe Homeowner's
Association, Inc.
c/o Lazega & Johnson, LLC, Attorney
3520 Piedmont Rd NE Ste. 415
Atlanta, GA 30305

This 19th day of October, 2020

/s/ Jeffrey B. Kelly
Attorney for Debtor
GA Bar No. 412798
107 E 5th Avenue
Rome, GA 30161           (706) 413-1365 (fax)
(678) 861-1127 (phone)   lawoffice@kellycanhelp.com

```
Label Matrix for local noticing          Alan N Parnes, DDS, PC                   American Health Imaging
113E-1                                   6199 Hwy 92                              PO Box 723068
Case 16-65980-jrs                        Suite 132                                Atlanta, GA 31139-0068
Northern District of Georgia             Acworth, GA 30102-2345
Atlanta
Mon Oct 19 16:31:17 EDT 2020

Amex                                     Bank Of America                          Susan Debra Burris
Correspondence                           Nc4-105-03-14                            4921 October Way
Po Box 981540                            Po Box 26012                             Acworth, GA 30102-7910
El Paso, TX 79998-1540                   Greensboro, NC 27420-6012


Carecentrix                              Michele A. De Witt                       Equifax
P.O. Box 277947                          Aldridge Pite, LLP                       PO Box 740241
Atlanta, GA 30384-7947                   4375 Jutland Dr.                         Atlanta, GA 30374-0241
                                         San Diego, CA 92117-3600


Experian                                 Fay Servicing, LLC                       Fidelity Bank
PO Box 9701                              3000 Kellway Dr,Ste 150                  Attention: Bankruptcy
Allen, TX 75013-9701                     Carrollton, TX 75006-3357                Po Box 105075
                                                                                  Atlanta, GA 30348-5075


(p)FROST ARNETT                          (p)GEORGIA DEPARTMENT OF REVENUE         Georgia Hand Shoulder & Elbow
BANKRUPTCY DEPARTMENT                    COMPLIANCE DIVISION                      1819 Peachtree Road
PO BOX 198988                            ARCS BANKRUPTCY                          Suite 425
NASHVILLE TN 37219-8988                  1800 CENTURY BLVD NE SUITE 9100          Atlanta, GA 30309-1848
                                         ATLANTA GA 30345-3202


Georgia's Own Credit Union               Georgia's Own Credit Union               Georgias Own Cu
Williams, Gautier, Gwynn, DeLoach        P.O. Box 4128                            P.o. Box 105205
and Sorenson, P.A.                       Tallahassee, FL 32315-4128               Atlanta, GA 30348-5205
Post Office Box 4128
Tallahassee, FL 32315-4128


IC Systems, Inc                          (p)INTERNAL REVENUE SERVICE              Brian K. Jordan
444 Highway 96 East                      CENTRALIZED INSOLVENCY OPERATIONS        Aldridge Pite, LLP
Po Box 64378                             PO BOX 7346                              Suite 500 - Fifteen Piedmont Center
St Paul, MN 55164-0378                   PHILADELPHIA PA 19101-7346               3575 Piedmont Road, NE
                                                                                  Atlanta, GA 30305-1636


Maria C. Joyner                          Jeffrey B. Kelly                         Lazega & Johanson LLC
Nancy J. Whaley,                         Law Office of Jeffrey B. Kelly, P.C.     3520 Piedmont ROad
Standing Chapter 13 Trustee              107 E. 5th Avenue                        Suite 415
Suite 120                                Rome, GA 30161-1725                      Atlanta, GA 30305-1512
303 Peachtree Center Avenue
Atlanta, GA 30303-1286

MetroAtlanta                             Midland Funding                          Mark A. Moore
595 Armstrong Street                     2365 Northside Dr                        Lazega & Johanson, LLC
Marietta, GA 30060-2305                  Suite 300                                P.O. Box 250800
                                         San Diego, CA 92108-2709                 Atlanta, GA 30325-1600


Bryce R. Noel                            Ocwen Loan Sevicing Llc                  Onemain Financial
Aldridge Pite, LLP                       Attn: Research Dept                      6801 Colwell Blvd
3575 Piedmont Road, NE, Suite 500        1661 Worthington Rd   Ste 100            Ntsb-2320
Fifteen Piedmont Center                  West Palm Beach, FL 33409-6493           Irving, TX 75039-3198
Atlanta, GA 30305-1527
```

| | | |
|---|---|---|
| Patient Accounts Bureau<br>6621 Bay Circle<br>Ste 180<br>Norcross, GA 30071-1218 | Piedmont Healthcare, Inc.<br>c/o Brent D. Stamps<br>PO Box 2387<br>Norcross, GA 30091-2387 | Justin Plean<br>Robertson, Anschutz & Schneid, PL<br>Suite 100<br>6409 Congress Avenue<br>Boca Raton, FL 33487-2853 |
| Quantum Radiology<br>PO Box 100023<br>Kennesaw, GA 30156-9223 | James E Sorenson<br>Sorenson Van Leuven, PLLC<br>PO Box 3637<br>Tallahassee, FL 32315-3637 | The Bortolazzo Group<br>PO Box 277234<br>Atlanta, GA 30384-7234 |
| The Quail Pointe Homeowners As<br>4804 Morning Chase NW<br>Acworth, GA 30102 | The Quail Pointe Homeowners' Associatio<br>c/o Lazega & Johanson, LLC<br>P.O. Box 250800<br>Atlanta, Ga 30325-1600 | Trans Union<br>PO Box 1000<br>Chester, PA 19016-1000 |
| U. S. Attorney<br>600 Richard B. Russell Bldg.<br>75 Ted Turner Drive, SW<br>Atlanta GA 30303-3315 | David T. Van Leuven<br>Williams, Gautier, Gwynn, et al<br>P. O. Box 4128<br>Tallahassee, FL 32315-4128 | Richard C. Wayne<br>Richard C. Wayne and Associates P.C.<br>100 Hammond Dr<br>Atlanta, GA 30328-4806 |
| Wells Fargo Auto Finance<br>Attn: Bankruptcy  2nd Floor<br>13675 Technology Dr<br>Eden Prairie, MN 55344-2252 | Wellstar<br>805 Sandy Plains Road<br>Marietta, GA 30066-6340 | Nancy J. Whaley<br>Nancy J. Whaley, Standing Ch. 13 Trustee<br>303 Peachtree Center Avenue<br>Suite 120, Suntrust Garden Plaza<br>Atlanta, GA 30303-1216 |
| Wilmington Trust, National Association<br>Fay Servicing, LLC<br>939 W. North Avenue, Suite 680<br>Chicago, IL 60642-7138 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Frost-Arnett Company<br>PO Box 198988<br>Nashville, TN 37219-8988 | GA Department of Revenue<br>Taxpayer Services Division<br>PO Box 105499<br>Atlanta, GA 30348 | Internal Revenue Ser<br>P.O. Box 249<br>Memphis, TN 38101-0249 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Fay Servicing, LLC<br>3000 Kellway Dr.<br>Ste 150<br>Carrollton TX 75006-3357 | (u)Georgia Surgical Center | (u)Georgia's Own Credit Union |

```
(d)The Quail Pointe Homeowners' Associatio    (u)Wilmington Trust, National Association, no    End of Label Matrix
c/o Lazega & Johanson LLC                                                                      Mailable recipients    45
P.O. Box 250800                                                                                Bypassed recipients     5
Atlanta, GA 30325-1600                                                                         Total                  50
```